**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SUHOR INDUSTRIES, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 08-2417-JWL** |
| ) | |
| **FEDERAL INSURANCE CO.,** ) | |
| **D/B/A CHUBB & SON, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This case is presently before the court on defendants' joint motion to transfer pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Oregon. Plaintiff, Suhor Industries, Inc. ("Suhor"), opposes defendants' motion. For the reasons stated below, the court denies defendants' joint motion to transfer. (Doc. 14).

**I. Facts**

This suit was first filed on August 19, 2008 in the District Court of Johnson County, Kansas against Federal Insurance Company (wrongly named as Federal Insurance Co., d/b/a Chubb & Son, Inc.) ("Federal"), Cambridge Integrated Services Group, Inc. ("Cambridge"), and Ron C. Holloway. On September 9, 2008, the case was subsequently removed to this court pursuant to 28 U.S.C. § 1441. On September 22, 2008, Mr. Holloway filed a motion to dismiss for lack of personal jurisdiction. (Doc. 7).

On November 4, 2008, this court issued an Order to Show Cause before November 19, 2008 why plaintiff had failed to respond to Mr. Holloway's motion to dismiss for lack of personal jurisdiction. (Doc. 12). On November 19, 2008, plaintiff responded by letter stating it did not intend to respond to the merits of Mr. Holloway's arguments in his motion to dismiss, and subsequently, on November 21, 2008, the court granted Mr. Holloway's motion to dismiss for lack of jurisdiction and dismissed all claims against him. (Doc. 13).

In its complaint, Suhor alleges claims for breach of contract and negligence against Federal, Cambridge, and Mr. Holloway, which according to the remaining defendants, Federal and Cambridge, are regarding their involvement in a worker's compensation matter which was filed and entirely prosecuted in Oregon. Suhor claims that Federal, Cambridge, and Mr. Holloway negligently represented Suhor's interests in the underlying proceedings in Oregon for injuries allegedly sustained by Jeffrey Pickett, a Suhor employee, while he was working in Oregon ("the underlying Oregon Pickett litigation"). Defendant Cambridge maintains offices in many states, but claims that its alleged breach of contract and negligence arises from its work performed exclusively in Oregon. In addition, Mr. Holloway, formerly a defendant in this action, served as the attorney who represented Suhor in the underlying Oregon Pickett litigation and only maintains an office in Oregon. Mr. Holloway litigated the underlying Oregon Picket litigation entirely in Oregon as well.

However, Suhor maintains that its claims "focus on the performance of Federal

2

and Cambridge under a worker's compensation and employer's liability insurance policy, issued by Federal" ("the Federal Policy") that was signed and executed in Kansas. "Suhor Industries, Inc.'s Response to Defendants' Joint Motion to Transfer," Doc. 16, at ¶¶ 4, 6. According to Suhor, it states "two causes of action against Federal and Cambridge, alleging breach of contract and negligence out of the performance under the Federal Policy, specially with regard to Federal and Cambridge's alleged failure to follow the Special Handling Instructions with regard to conducting settlement negotiations with a specific claimiant [sic]." *Id.* at ¶ 5.

## II. Motion for Transfer of Venue/More Convenient Forum Standard

A motion for transfer to a more convenient forum is governed by 28 U.S.C. § 1404(a), which permits a district court, "[f]or the convenience of the parties and witnesses, in the interest of justice" to transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996). Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient" and "unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). The court should

consider the following factors in determining whether to transfer a case:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516.

## III. Analysis

Plaintiff Suhor chose to file this action in the District of Kansas. As noted above,

its choice of forum should not be disturbed unless defendants meet their burden of

proving that a balance of factors weighs strongly in favor of transfer to Oregon.

> Defendants contend transfer of the case is appropriate

> because the vast majority of party and fact witnesses are located in Oregon, forcing witnesses to travel to Kansas for trial would be financially burdensome, inconvenient and unnecessary; the necessary proofs (the claim file and legal documents) are located in Oregon; Suhor's claims arise from actions or inactions by the defendants occurring in Oregon; questions of local Oregon law will predominate and no party would suffer delay or prejudice as a result of the transfer.

"Defendants' Joint Motion to Transfer," Doc. 14, at ¶ 5. In contrast, plaintiff Suhor

contends that transfer is inappropriate because

> Suhor's initial choice of forum is to be afforded substantial weight, the parties and witnesses hale from multiple forums making the current forum no less convenient, documentary evidence is as easily produced in the current forum as opposed to production in Oregon, Kansas law applies to Suhor's claims, and the current forum is possessed with personal jurisdiction over all parties.

"Suhor Industries, Inc.'s Response to Defendants' Joint Motion to Transfer," Doc. 16, at ¶ 8.

First, defendants contend in support of their motion to transfer that "a vast majority of party and fact witnesses are located in Oregon." "Defendants' Joint Motion to Transfer," Doc. 14, at ¶ 5. Specifically, defendants state that "testimony regarding the legal proceedings, claims handling and any alleged settlement negotiations in the underlying Pickett Oregon claim is central to this dispute." "Memorandum in Support of Defendants' Joint Motion to Transfer," Doc. 15, at 6. As a result, they contend that "the testimony of Holloway and his associates is central to the issue of the allegedly improper handling of the underlying Pickett claim." *Id.* at 7. Defendants point out that Mr. Holloway's law practice is confined to the state of Oregon, and thus, Mr. Holloway and any of his associates who also worked on the Pickett claim are located in Oregon. In addition, defendants state that Mr. Pickett and his attorney from the underlying Oregon Pickett claim also reside in Oregon, and Cambridge's employees who were involved in handling the underlying Pickett claim worked out of Cambridge's Portland, Oregon office. Defendants go into even greater detail, providing names of potential witnesses, in their reply brief, explaining that "[a]t least eleven (11) party and fact witnesses are located in Oregon." "Defendants' Reply Brief in Support of Their Joint Motion to Transfer," Doc. 20, at 6-7.

However, plaintiff contends that "[t]he parties and potential fact and expert

5

witnesses in the instant matter hale from several forum states, rendering considerations of cost and accessibility a neutral factor." "Memorandum in Support of Suhor Industries, Inc.'s Response to Defendants' Joint Motion to Transfer," Doc. 17, at 5. Plaintiff also redirects the court's attention from the underlying Pickett claim to the settlement negotiations, which it claims "took place without notice being given to nor participation sought from [it], all in breach of the Federal Policy." *Id.* Plaintiff explains that "[c]hanging venue to Oregon cannot be seen to be more convenient to any party," as Suhor is a Missouri corporation with its principal place of business in Kansas; while Federal is an Indiana corporation with its principal place of business in New Jersey, and Cambridge is a Pennsylvania corporation with its principal place of business in Connecticut. *Id.* at 6. Finally, plaintiff also explains that two officers of Suhor, Ed Van Gulik and Dennis Welzenbach, and employees of Schifman Remley & Associates, who are certain to testify in the case to substantiate the terms of the Federal Policy, are located in Kansas.

Defendants' arguments are similar to those advanced by the defendant in *Scheidt v. Klein*, 956 F.2d 963, 965-66 (10th Cir. 1992). There, the defendant had identified eight out-of-state witnesses. *Id.* at 966. The court reasoned that based on the conclusory assertions made in support of the defendant's motion, some of those witnesses may have had pertinent testimony to present. *Id.* But, the defendants had not submitted anything to indicate the quality or materiality of those witnesses' testimony, or that they were unwilling to come to trial in Oklahoma City, or that their deposition

testimony would be unsatisfactory, or that the use of compulsory process would be necessary. *Id.* The court explained that some factual information relative to the materiality of the witness testimony and the considerations mentioned above must be supplied to the trial court. *Id.* Based on the record presented in that case, the defendant's "meager showing failed to demonstrate the requisite inconvenience to his witnesses." *Id.* Similarly, here, it appears that some of the witnesses listed by defendants in their motion have pertinent testimony to present. But, while defendants have submitted some details regarding what information the witnesses are likely to provide, they have done little to indicate the quality or materiality of those witnesses' testimony, or that they would be unwilling to come to trial in Kansas, or that their deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary. Consequently, under established Tenth Circuit precedent, defendants, as the moving parties, have failed to meet their burden of establishing that transfer is warranted simply because many of their witnesses are located in Oregon.

Additionally, the court notes that plaintiffs state that several of their fact witnesses and other discoverable information can be found in Kansas. Thus, most of the plaintiff's witnesses are in Kansas while most of the defendants witnesses are in Oregon or other states. It appears, then, that defendants are merely trying to shift the inconvenience from one side to the other, which is not a permissible justification for a change in venue. *Scheidt*, 956 F.2d at 966; *see, e.g.*, *First Speciality Ins. Corp. v. Ward N. Am. Holding, Inc.*, Case No. 04-2359-JWL, 2004 WL 2672833, at \*2-\*3 (D. Kan. Nov. 22, 2004)

7

(denying motion under similar circumstances); *Freeman v. Gerber Prods. Co.*, Case No. 02-2249-JWL, 2003 WL 1906334, at \*2-\*3 (D. Kan. Apr. 17, 2003) (same).

Next, defendants argue that the "location of sources of proof weigh in favor of transfer." Pointing out that Holloway and Cambridge maintained offices in Oregon during the relevant period and that the underlying Pickett claim was litigated exclusively in Oregon, defendants argue that "[p]resumably, all (or nearly all) of the relevant claims handling and legal documents, including court filings, are located in Oregon." "Memorandum in Support of Defendants' Joint Motion to Transfer," Doc. 15, at 8.

However, the court disagrees with defendants' contention that this factor favors transferring the case to Oregon. As plaintiff points out in its response, not all of the documentary evidence involved in this case resides in Oregon. Additionally, defendants failed to offer any evidence that producing the necessary documentary evidence in Kansas would result in a hardship. In *Scheidt*, the court found that the defendant's motion regarding the burden of producing documents was deficient without any sort of substantiating evidence. 956 F.2d at 966. The Tenth Circuit noted "[d]efendant never attempted to explain, let alone substantiate, why these documents could not be sifted through (at his Florida offices) and the probative ones shipped at relatively minor cost to Oklahoma for trial." *Id.* Therefore, as in *Scheidt*, defendants have failed to substantiate any burden on them in producing the necessary documents in this case.

Defendants also argue that "Oregon law predominately applies to the issues in dispute." Defendants are correct in saying that one factor this court must consider in

making the decision whether to transfer is "the advantage of having a local court determine questions of local law." *Am. Heart Disease Prevention Foundation, Inc. v. Hughey*, 905 F. Supp. 893, 896-97 (D. Kan. 1995). However, plaintiff and defendants disagree on which states' law will apply to the current case. Defendants, arguing that the wrongful conduct took place in Oregon, believe that Oregon law will be applied; while plaintiff, emphasizing that their claims ultimately are based on a breach of contract, argue that Kansas law should apply as the place of contracting. Even if defendants are correct that Oregon law predominates, the questions of law plaintiff is asking the court to adjudicate are not overly complex. The Tenth Circuit has held that this factor is given little weight if not dealing with a complex question of either state's law. *See Scheidt*, 956 F.2d at 965 (holding that the "relative simplicity" of a common law claim neutralizes this factor). In this case, Suhor's claims against defendants appear to be relatively straightforward common law claims. The court is unpersuaded that these claims for breach of contract and negligence will present complex questions of Oregon or Kansas law. Therefore, the court agrees with plaintiff that this factor is at best neutral, resulting in keeping the case in the current forum.

Defendants argue that practical considerations that make a trial easy, expeditious, and economical do not weigh against transfer. Defendants point out that given the early stage of the case, any delay that might result from a transfer would be insignificant and they argue that the "matter will proceed more easily, expeditiously and economically in Oregon" so from their view this factor weighs in favor of transfer. However, as the court

has previously discussed, it is unpersuaded that the case will proceed "more easily, expeditiously and economically in Oregon," and as a result, the court finds that this factor does not weigh in favor of transfer.

Finally, defendants argue because Oregon would have personal jurisdiction over all defendants, it would be the better forum for this case.  Defendants also state that Oregon would have personal jurisdiction over the dismissed defendant, Mr. Holloway.  However, this point is moot considering that Mr Holloway is no longer a party to this action.  In addition, it appears as though Kansas may also have personal jurisdiction over the parties as discussed in plaintiff's response to the motion to transfer.  "Memorandum in Support of Suhor Industries, Inc.'s Response to Defendants' Joint Motion to Transfer," Doc. 17, at 9-10.  In any case, if the defendants dispute that this court has personal jurisdiction over them, then the appropriate remedy for this problem would be a motion to dismiss for lack of personal jurisdiction, not a motion to transfer under 28 U.S.C. § 1404(a).

Balancing all of these considerations, the court is persuaded that they weigh in favor of retaining the case here.  The court is simply unpersuaded that defendants have borne their burden of proving that pursuing this case in this court will be sufficiently inconvenient that a transfer of the case is warranted.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' joint motion to transfer (Doc. 14) is denied.

**IT IS SO ORDERED.**

Dated this 23rd  day of January, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge